AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:     EMILY DEININGER
        ANDEN CHOW
        Assistant United States Attorneys
        One Saint Andrew's Plaza
        New York, New York 10007
        Tel. (212) 637-2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                Plaintiff                           :
                                                    :     **VERIFIED CIVIL**
                -v.-                                :     **COMPLAINT**
                                                    :     **FOR FORFEITURE**
                                                    :
$621,501.56 IN UNITED STATES CURRENCY,              :
FORMERLY CONTAINED IN PNC BANK                      :
ACCOUNT NO. 1225809374 HELD IN THE                  :     20 Civ. _____
NAMES OF "EDWARD ANDERSON" AND "EA                  :
COLLECTION CLEARING, LLC,"                          :
                                                    :
                Defendant-*in-rem*.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney Audrey Strauss, Acting United States Attorney for the Southern District of New York, for its civil complaint, alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1.      This is a civil action *in rem* commenced by the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A) seeking the forfeiture of $621,501.56 in United States currency formerly contained in PNC Bank Account number

1

1225809374 held in the names of Edward Anderson and EA Collection Clearing, LLC (the "Defendant-*in-rem*").

2. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of New York.

4. On or about April 30, 2020 agents of the United States Secret Service ("USSS") seized the Defendant-*in-rem* while executing a search warrant issued by the United States District Court for the Southern District of New York.

5. The Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering) and 1957 (monetary transactions involving property of specified unlawful activity) or property traceable thereto, and further subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting or derived from proceeds traceable to violations of Title 18, United States Code, Section 1343 (wire fraud).

## II. PROBABLE CAUSE FOR FORFEITURE

6. Beginning in or about February 2020, the Pretoria Resident Office of the USSS began investigating certain suspicious international wire transfers sent from bank accounts in the United States held in the name of one Edward Anderson ("Anderson") to accounts in South Africa.

7. In or about February 2020, Anderson sent wires totaling at least $230,000

2

to accounts held with banks located in Johannesburg, South Africa.

8. On or about March 6, 2020, USSS Special Agents interviewed Anderson at his home in Florida. Anderson told the agents, in substance and in part, that:

a. Anderson met a woman online named "Macy" who asked him to become one of her business partners and to help her start an interior design business.

b. Macy informed Anderson that she was living outside of the United States and needed money. Between in or about September 2019 and in or about November 2019, Anderson sent Macy money, purportedly to help Macy start her interior design business.

c. Macy also instructed Anderson to open several bank accounts under the name of a limited liability company. Anderson accordingly opened several accounts in the name of EA Collection Clearing, LLC. One of these accounts was account number 1225809374 at PNC Bank held in the name of Edward Anderson and EA Collection Clearing, LLC (the "Target Account").

d. Macy sent Anderson instructions regarding when to expect wire transfers into the accounts that he had opened. Macy likewise instructed Anderson as to where he should then transfer those funds. For example, at Macy's direction, in or about February 2020, Anderson mailed $15,000 in cash to a residential address in the Bronx, New York.

e. In connection with the outgoing wire transfers, Macy provided Anderson with various purported bills and invoices, including, for example, for purported purchases of artwork. Anderson did not receive any art, or other goods or services, in return for the outgoing wire transfers.

f. Anderson has never met Macy in person.

3

9. On or about March 3, 2020, Anderson received a wire transfer of approximately $621,501 (the "Wire Transfer") into the Target Account from a title company based in St. George, Utah ("Company-1").

10. On or about March 9, 2020, USSS interviewed the owner of Company-1 (the "Owner"). The Owner stated, in substance and in part, that he had received from a third party via fax a set of documents (the "Documents") purporting to be from a consulting company ("Company-2"). Company-2 is a legitimate company working with, among other clients, the Federal Housing Administration on, among other things, reverse mortgage payoffs.

11. The Owner stated that he had authorized the Wire Transfer to the Target Account based on the Documents purportedly originating with Company-2.

12. The Documents contained contact information purporting to be a contact telephone number for Company-2. This telephone number, however, is in fact not associated with Company-2. The Documents also contained a fictitious address for a purported branch of PNC Bank in Oklahoma. Lastly, the Documents stated that Company-2 "only accepts Wire Transfers."

13. Company-2 in fact does not accept wire transfers for account payments.

14. Based on the foregoing, there is probable cause to believe that Company-1 and Company-2 are victims of a fraudulent scheme in which the perpetrators transmit, by means of wire in interstate or foreign commerce, fraudulent documentation purportedly authorizing title companies, including Company-1 and others, to have reverse mortgage payoff funds sent via wire transfer to accounts under their control.

15. There is further probable cause to believe that the Target Account was

engaged in a pattern of money laundering in which the perpetrators of the fraudulent scheme caused money to be wired into and out of the Target Account in order to conceal the nature, location, source, ownership, or control of the proceeds.

16. Based on the foregoing, there is probable cause to believe that the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering) and 1957 (monetary transactions involving property of specified unlawful activity) or property traceable thereto, and further subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting or derived from proceeds traceable to violations of Title 18, United States Code, Section 1343 (wire fraud)..

### III. CLAIMS FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

17. Paragraphs 1 through 16 of this Complaint are repeated and re-alleged as if fully set forth herein.

18. Title 18, United States Code, Section § 981(a)(1)(A), subjects to civil forfeiture:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

19. Title 18, United States Code, Sections 1956 (a)(1)(A)(i) and 1956(a)(1)(B)(i) impose a criminal penalty on any person who:

> knowing that the property involved in a financial transaction involves the

proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity –

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or
…
(B) knowing that the transaction is designed in whole or in part –

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]

20. "Specified unlawful activity," defined in Title 18, United States Code, Section 1956(c)(7), includes, among other things, racketeering activity as defined in Title 18, United States Code, Section 1961(1). Section 1961(1), in turn, defines racketeering activity to include wire fraud (Section 1343) and financial institution fraud (Section 1344).

21. By reason of the foregoing the Defendant-*in-rem* is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a money laundering transaction or an attempted money laundering transaction, in violation of 18 U.S.C. § 1956, or as property traceable to such property.

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1957 or Property Traceable to Such Property)**

22. Paragraphs 1 through 16 of this Complaint are repeated and re-alleged as if fully set forth herein.

23. Title 18, United States Code, Section 1957 imposes a criminal penalty on any person who:

knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity[.]

24. Section 1957(f)(1) defines the term "monetary transaction" to include the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds . . . by, through, or to a financial institution . . ."

25. As already set forth, *See* ¶ 20, *supra,* pursuant to Title 18, United States Code, Sections 1956(c)(7), 1957(f)(3), and 1961(1), wire fraud and financial institution fraud are specified unlawful activities for the purposes of Section 1957.

26. By reason of the foregoing the Defendant-*in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1957, or as property traceable to such property.

### Forfeiture Under 18 U.S.C. § 981(a)(1)(C)
### (Proceeds Traceable to a Violation of 18 U.S.C. § 1343 (Wire Fraud))

27. Title 18, United States Code, Section 981(a)(1)(C), subjects to civil forfeiture:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of any offense constituting "specified unlawful activity"[.]

28. As described above, *See* ¶ 20, *supra*, pursuant to Title 18, United States Code, Sections 1956(c)(7) and 1961(1), wire fraud is a specified unlawful activity.

29. The federal wire fraud statute, Title 18, United States Code, Section 1343, imposes a criminal penalty on any person who

> having devised . . . any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretense, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign

7

commerce, any writings . . . for the purposes of executing such scheme or artifice."

30. By reason of the foregoing the Defendant-*in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property which constitutes or is derived from a violation of Title 18, United States Code, Section 1343.

### Forfeiture Under 18 U.S.C. § 981(a)(1)(C)
### (Proceeds Traceable to a Violation of 18 U.S.C. § 1344 (Financial Institution Fraud))

31. As described above, *See* ¶ 20, *supra*, pursuant to Title 18, United States Code, Sections 1956(c)(7) and 1961(1), financial institution fraud is a specified unlawful activity.

32. The federal bank fraud statute, Title 18, United States Code, Section 1344, imposes a criminal penalty on any person who

> knowingly executes, or attempts to execute, a scheme or artifice –
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises[.]

33. By reason of the foregoing the Defendant-*in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property which constitutes or is derived from a violation of Title 18, United States Code, Section 1344.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed,

and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
July 10, 2020

                                 AUDREY STRAUSS
                                 Acting United States Attorney for the
                                 Southern District of New York
                                 Attorney for the Plaintiff
                                 United States of America

By: _____
                                 EMILY DEININGER
                                 ANDEN CHOW
                                 Assistant United States Attorneys
                                 One Saint Andrew's Plaza
                                 New York, New York 10007
                                 Tel. (212) 637-2472

## DECLARATION OF VERIFICATION

Benjamin Chervenak, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the United States Secret Service; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on July 10, 2020

BENJAMIN CHERVENAK
Special Agent
United States Secret Service